UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | ) |
| | )    CASE NO. 11-20336 (ASD) |
| RONALD H. CANTY | ) |
| | ) |
| DEBTOR | )    CHAPTER 7 |
| | ) |
| KELLY JEANNE ANDERSON | ) |
| | ) |
| PLAINTIFF, | )    ADV. PRO. NO. 11-02020 |
| | ) |
| VS. | ) |
| | ) |
| RONALD H. CANTY | )    RE: ECF No. 18 |
| | ) |
| DEFENDANT. | ) |

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, applicable to this adversary proceeding by Fed. R. Bankr. P. 7056, the Court having considered the *Motion for Summary Judgment* (hereinafter, the "Motion"), ECF No. 18, filed by the Plaintiff, Kelly Jeanne Anderson (hereinafter, the "Plaintiff"), as well as the accompanying *Local Rule 56(a)1 Statement* (hereinafter, the "Local Rule 56(a)1 Statement"), *Memorandum of Law in Support of Motion for Summary Judgment and Affidavit*; and

**WHEREAS** no Local Rule 56(a)2 Statement having been filed by the Defendant, Ronald H. Canty (hereinafter, the "Defendant"), pursuant to the District of Connecticut Local Rule of Civil Procedure 56(a) within the requisite time[1]; and

---

[1] The Motion was filed October 6, 2011, along with the requisite notice of D. Conn. L. Civ. R. 56(b), applicable to this proceeding by D. Conn. LBR 1001-1(b), informing the *pro se* Debtor/Defendant of his obligation, *inter alia*, to file opposing documents, including a Local 56(a)2 Statement, within twenty-one days of the motion by the moving party, extended for an additional three days in cases such as the present case due to service by mail.

**WHEREAS** notwithstanding the lack of a Local Rule 56(a)2 Statement by the *pro se* Defendant, the Court has examined the records of the adversary proceeding to ascertain whether the Plaintiff is entitled to judgment as a matter of law; and

**WHEREAS** the Defendant's *Answer*, ECF No. 9, admits all of the material facts in the *Complaint*, ECF No.1, that are relevant to the Motion, and admits all of the material facts asserted in the Local Rule 56(a)1 Statement, *inter alia,* that the debts at issue are owed to Plaintiff as a former spouse and that they were incurred by the Debtor in a divorce judgment which was entered by the Connecticut Superior Court on August 5, 2009; and

**WHEREAS** there being no genuine issue as to any material fact regarding nondischargeability under Bankruptcy Code §523(a)(15), and the Plaintiff being entitled to judgment thereon as a matter of law, in accordance with which:

**IT IS HEREBY ORDERED** that the obligations of the Defendant to the Plaintiff, as set forth in the Judgment entered in *Kelly J. Canty v. Ronald H. Canty*, *State of Connecticut, Superior Court*, Judicial District of Litchfield (Docket No. FA-09-4008301-S), are nondischargeable pursuant to 11 U.S.C. §523(a)(15).

A separate judgment shall enter simultaneously herewith.

Dated: November 8, 2011                                                    BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge